**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| TED K. DAVIS, JR., | : | Case No. 1:25-cv-657 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| LAMPE LAW, LLC, et al., | : | |
| Defendants. | : | |

# ORDER

This matter is before the Court on Defendants' Motions to Dismiss (Docs. 7, 8). Plaintiff filed Responses in Opposition (Docs. 10, 12), to which Defendant Adam Gedling filed a Reply in Support (Doc. 13). Defendants Stephen Otte, Lynn Lampe, and Lampe Law LLC did not file a reply in support of their Motion to Dismiss (Doc. 8), and the time to do so has expired. This matter is thus ripe for the Court's review. For the following reasons, Defendants' Motions to Dismiss (Docs. 7, 8) are **GRANTED**.

Defendants allegedly represented Plaintiff's ex-wife in divorce proceedings involving Plaintiff in the Butler County, Ohio, Court of Common Pleas. (Compl., Doc. 1, Pg. ID 2–7); *see also Davis v. Carter*, No. 1:19-CV-614, 2020 U.S. Dist. LEXIS 14601, at *1–2 (S.D. Ohio Jan. 29, 2020) (explaining the context behind a similar action filed by Plaintiff). Plaintiff alleges that, throughout these divorce proceedings, Defendants withheld documents relevant to the divorce and misrepresented facts to the court. (Compl., Doc. 1, Pg. ID 2–7.) Plaintiff filed his Complaint (Doc. 1) on September 9, 2025, alleging that

Defendants engaged in fraud and violated his rights under the Fifth and Fourteenth Amendments. (Compl., Doc. 1, Pg. ID 2–7.)

The Court need only consider Plaintiff's federal constitutional claims to determine that dismissal is appropriate here. Plaintiff's claims are brought against his ex-wife's private attorneys and their associated law firm—these Defendants are not state actors. (Compl., Doc. 1, Pg. ID 2–7.) As the Sixth Circuit previously noted in a similar case filed by Plaintiff, which involved some of the same defendants as in this case, Plaintiff's "constitutional claims for monetary damages against his former wife's private attorneys are . . . frivolous because they are not state actors subject to suit under § 1983." *Davis v. Carter*, No. 20-3186, 2020 U.S. App. LEXIS 30274, at *6 (6th Cir. Sep. 22, 2020). And, Plaintiff's "allegations do not establish that his former wife's attorneys' 'conduct [was] fairly attributable to the state.'" *Id.* (quoting *Romanski v. Detroit Entm't, LLC*, 428 F.3d 629, 636 (6th Cir. 2005)). Accordingly, because Defendants are not state actors, Plaintiff's Fifth and Fourteenth Amendment claims are dismissed with prejudice. *See Lyons v. Evans*, No. 3:26-CV-423, 2026 U.S. Dist. LEXIS 80200, at *6 (M.D. Tenn. Apr. 13, 2026).

To the extent Plaintiff brings state-law fraud claims against Defendants, the Court declines to exercise its supplemental jurisdiction over these claims. *See Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021) (noting that "when a federal court dismisses all pending federal claims before trial . . . it is usually best to allow the state courts to decide state issues"). And, while the Complaint lists "ALL OTHER JANE OR JOHN DOE[]S" as defendants, it does not mention these individuals beyond the cover page, and it specifies no claims against them. (Complaint, Doc. 1, Pg. ID 1.) Therefore, the Court finds that these

individuals are not defendants in this case and thus declines to address them further. *See Brown v. Well Path Med. Serv.*, No. 3:19-CV-P543, 2019 U.S. Dist. LEXIS 174160, at *4 (W.D. Ky. Oct. 7, 2019) (noting that "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints").

**CONCLUSION**

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendants' Motions to Dismiss (Docs. 7, 8) are **GRANTED**;
2. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**;
3. To the extent Plaintiff brings claims under state law, these claims are **DISMISSED WITHOUT PREJUDICE**; and
4. This case is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND